UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
-----------------------------------------------------X
CYNTHIA BING, individually and on behalf
of a class                                                              Case No.
                                    Plaintiff,

                                                                        COMPLAINT
                                                                        CLASS ACTION
                                                                        JURY TRIAL DEMANDED

LAW OFFICE OF BRETT M BORLAND, P.C.;
WOODWARD MANAGEMENT PARTNERS, LLC
                                    Defendants.
-----------------------------------------------------X


## INTRODUCTION AND BACKGROUND FACTUAL INFORMATION

1. Plaintiff, Cynthia Bing, brings this class action lawsuit against Law Office of

Brett M Borland, P.C. ("Borland") for violations of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and against Woodward

Management Partners, LLC ("Woodward") for violations of the Fair Business

Practices Act ("FBPA") and Georgia's security deposit statute ("44-7-35").

2. Plaintiff was sued in Henry County Magistrate Court in early 2019 by Borland

as attorney for Woodward for $4,657.27 arising out of a tenancy in Douglasville

that lasted until the end of 2013. A copy of the lawsuit is attached as Exhibit A.

3. As a result of that lawsuit, Plaintiff needed to hire a lawyer.

4. A trial on that case was set for April 3, 2019.

5. On April 3, 2019, Borland and Woodward failed to appear for the trial, failed to notify counsel for Plaintiff, and failed to notify the Judge that it was not appearing.

6. Thus wasting party and court resources.

7. The Judge in Henry County dismissed the case. See Exhibit B.

8. Plaintiff disputes the entire balance because she does not believe she owes it. The claim was filed over 5 years after Plaintiff left that apartment.

9. Plaintiff's dispute includes but is not limited to that the balance includes $200 of legal fees and an improper notice fee of $1,870.

10. Defendants have failed to show that they should or would be entitled to these amounts let alone a proper showing.

11. Borland requested attorneys fees pursuant to OCGA § 13-1-11 in the amount of $490.73.

12. OCGA § 13-1-11(2) provides that if attorney's fees are mandated by the lease in no specific amount, it shall mean 15 percent of the first $500.00 and 10 percent of the amount of principal and interest owing thereon in excess of $500.00.

13. Borland, however, asked for attorney's fees even though they are not permitted in the lease.

14. In addition, Borland's attorney fee request is based on charges stemming from legal fees and an improper notice fee which do not qualify as principal or interest on the lease.

15. The plaintiff in the Henry County case is "Woodward Mgmt Partners, LLC as agent for owner dba Arbor Terrace Apartments".

16. Because "owner dba Arbor Terrace Apartment" is a nonexistent principal, Woodward is liable for the principal's acts.

17. Woodward failed to provide Plaintiff with a comprehensive list of existing damages to plaintiff's apartment prior to her tenancy.

18. Woodward failed to inspect plaintiff's apartment and compile a comprehensive list of damages within three business days after the termination of plaintiff's tenancy.

19. Woodward failed to obey Georgia law and notify Plaintiff of her right to inspect the premises within five business days after the termination of the occupancy in order to ascertain the accuracy of the list.

20. Woodward nevertheless kept Plaintiff's entire security deposit and sued plaintiff for damages to her apartment.

## JURISDICTION AND VENUE

21. This Court has jurisdiction under 15 USC § 1692(k) (FDCPA), federal court jurisdiction and supplemental jurisdiction for the state law claims under 28 USC § 1367.

22. Venue in this District is proper because a substantial part of the events giving rise to this lawsuit occurred within this district and Defendants' headquarters are in this district.

## PARTIES

23. Defendant Borland is a Georgia law firm engaged in consumer debt collection as evidenced by cases with Borland as a party in cases filed in the U.S. District Court for the Northern District of Georgia.

24. Borland is a "debt collector" as defined by the FDCPA.

25. Woodward is a Georgia corporation that manages properties.

26. According to its website on April 4, 2019, http://www.woodwardmgt.com. "Woodward currently manages over 25 properties across metro Atlanta. We have established a proven record of success in the property management field because we choose to employ a talented staff whose vision aligns with that of our company: Exceeding your Expectations. We provide full management services and our comprehensive approach to long term planning, marketing, asset management and cost control is utilized."

27. Plaintiff is a consumer as defined by the FDCPA.

28. Plaintiff resides in Henry County and entered a lease for an apartment in 2012 from woodward.

## VIOLATIONS ALLEGED

## COUNT I – FDCPA CLAIM AGAINST BORLAND

29. Plaintiff incorporates all of the above paragraphs as though fully stated herein.

30. § 1692d provides 6 specific prohibited categories of unlawful conduct preceded by a statement that "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

31. § 1692e provides 16 specific prohibited categories of unlawful conduct preceded by a statement that "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. § 1692f provides 8 specific prohibited categories of unlawful conduct preceded by a statement that "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

33. Borland violated § 1692e(2)(A) by falsely representing the character, amount and legal status of the debt.

34. Borland violated § 1692e(3) because the notice of claim appeared to be from an attorney but was really the product of a lack of meaningful attorney review.

35. Borland violated § 1692e(5) by taking legal action against plaintiff that it was prohibited from taking.

36. Borland violated § 1692f(1) by attempting to collect charges and fees which are not expressly authorized by the lease.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against Borland for:

(1) Appropriate statutory damages;

(2) Litigation expenses, attorney's fees and costs of suit;

(3) Such other or further relief as the Court deems proper.

## COUNT II – FBPA CLAIM AGAINST WOODWARD

37. Plaintiff incorporates all the above paragraphs as though fully stated herein.

38. Woodward engaged in conduct that was consumer orientated.

39. Woodward engaged in unfair and deceptive debt collection.

40. The public consumer interest would be served with this claim against Woodward.

41. Woodward's conduct has an adverse effect on the consumer marketplace and the economy in general.

42. Plaintiff's debt was incurred in a consumer transaction

43. Plaintiff mailed a certified letter as required by the Fair Business Practices Act at least 30 days prior to instituting this lawsuit giving the chance to Woodward to settle Plaintiff's claims and the claims of the class.

44. Plaintiff suffered emotional distress as a result of Woodward's lawsuit.

45. Plaintiff needed to hire a lawyer to defend herself against the lawsuit.

46. Plaintiff's lawyer needed to spend time, gas, and wear and tear on his vehicle driving to the trial only to learn that Woodward was not even going to try to pursue its claims.

47. Plaintiff requests equitable injunctive relief from the Court that: 1) Woodward be required to cease engaging in debt collection practices that violate the FBPA; and 2) Woodward only file claims against Plaintiff that are well grounded in fact.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against Woodward for:

   (1) Appropriate actual and punitive damages;

   (2) Injunctive relief

(3) Litigation expenses, attorney's fees and costs of suit; and

(4) Such other or further relief as the Court deems proper.

## COUNT III – SECURITY DEPOSIT CLAIM AGAINST WOODWARD

48. O.C.G.A. § 44-7-33 (2010) provides "Lists of existing defects and of damages during tenancy; right of tenant to inspect and dissent; action to recover security deposit" provides in pertinent part as follows:

(a) Prior to tendering a security deposit, the tenant shall be presented with a comprehensive list of any existing damage to the premises….

(b) Within three business days after the date of the termination of occupancy, the landlord or his agent shall inspect the premises and compile a comprehensive list of any damage done to the premises which is the basis for any charge against the security deposit and the estimated dollar value of such damage. The tenant shall have the right to inspect the premises within five business days after the termination of the occupancy in order to ascertain the accuracy of the list…………….

49. O.C.G.A. § 44-7-35 (2010) provides "Remedies for landlord's noncompliance with article

(a) A landlord shall not be entitled to retain any portion of a security deposit …if the initial and final damage lists required by Code Section 644-7-33 are not made

and provided to the tenant.

(b) The failure of a landlord to provide each of the written statements within the time periods specified in Code Sections 44-7-33 and 44-7-34 shall work a forfeiture of all his rights to withhold any portion of the security deposit or to bring an action against the tenant for damages to the premises.

(c) Any landlord who fails to return any part of a security deposit which is required to be returned to a tenant pursuant to this article shall be liable to the tenant in the amount of three times the sum improperly withheld plus reasonable attorney's fees………………

50. Woodward failed to provide plaintiff with a copy of the damages list they were required to present to Plaintiff prior to her tendering a security deposit.

51. Woodward failed to provide plaintiff with a copy of the damages list they were required to generate as part of the move-out inspection process under O.C.G.A. § 44-7-33(b) by the three-business day deadline so that plaintiff may conduct a counter-inspection and ascertain the accuracy of the list within five business days.

52. In so doing, Woodward failed to provide one of the written statements "within the time period specified in O.C.G.A. § 44-7-33." Therefore, pursuant to O.C.G.A. § 44-7-35(b), Woodward lost the right to withhold any portion of the security deposit from Plaintiff or to assert any claim against her for damages to the premises.

53. Notwithstanding the foregoing forfeiture of rights, Woodward nevertheless withheld plaintiff's $755 security deposit, and, in so doing, violated O.C.G.A. § 44-7-35(c).

## CLASS ALLEGATIONS

54. Plaintiffs bring this action pursuant to FRCP 23(a); and FRCP 23(b)(2) and FRCP 23(b)(3) and on behalf of herself and 3 Classes.

55. The first class is

All consumers where Borland's records show that Borland filed a statement of claim in the state of Georgia arising from a lease of an apartment for a term of one year or more where Borland requested attorney's fees in an amount of 15% of the first $500 and 10% of the remaining amount where Borland does not have access to a lease indicating a requirement to pay attorney's fees or where Borland's percentage attorney's fee request is based upon charges including "Legal Fees" or a substantially similar charge on or after a date 1 year prior to the filing of this action.

56. The second class is

All consumers where Woodward's records show that it filed a debt collection arising from a lease of an apartment for a term of one year or more

where Woodward's attorney requested attorney's fees in an amount of 15% of the first $500 and 10% of the remaining amount where Woodward does not have access to a lease indicating a requirement to pay attorney's fees or where Woodward's percentage attorney's fee request is based upon charges including "Legal Fees" or a substantially similar charge which caused a consumer to suffer actual or compensatory damages or incidental damages on or after a date 2 years prior to the filing of this action.

57. The third class is

   All consumers where Woodward's records show that it acted as an agent for a non-existing principal in executing a lease and it failed to provide an initial damages list prior to the tenancy, or where it failed to provide a final damages list within 3 business days post occupancy, or where it failed to give the opportunity to the tenant to inspect the premises within five business days after the termination of the occupancy and the security deposit was withheld on or after a date 20 years prior to the filing of this action.

58. Numerosity: Each class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to allege at this time the exact number of class members; however, Plaintiff believes that there are at a minimum thousands of

Class Members. Plaintiff believes that Defendants' records maintained in the ordinary course of business will readily reveal the exact number of class members.

59. Commonality: This action presents material questions of law and fact common to the Classes. Such questions include but are not limited to-

Were Borland and Woodward allowed to include legal fees as part of principal and interest when calculating a percentage of attorney's fees?

Did Borland conduct a meaningful attorney review of accounts prior to filing claims on those accounts?

Could Borland and Woodward ask for attorney's fees on leases that are one year or greater without a copy of the lease showing entitlement to attorney's fees?

Did plaintiff and the class suffer damages?

Did Woodward provide a copy of the various damages list as required by the security deposit statute?

60. Typicality: Plaintiffs' claims are typical of the claims of other members of each Class, as Plaintiff and other members of the Class suffered the same type of harm arising out of Defendants' failure to comply with the FDCPA, the FBPA and the security deposit statute.

61. Adequate Representation: Plaintiff will fairly and adequately represent and protect the interests of each class member and has retained counsel competent and experienced in complex class actions. Plaintiff is a member of each Class, Plaintiff has no interest antagonistic to any other members of each Class, and Defendants have no defenses unique to Plaintiff.

62. Predominance: The questions of law or fact common to each Class Members predominate over any questions affecting only individual members. Defendants' course of conduct can be discovered without any need for participation by individual Class Members. Similarly, this Court's determination of law can be made without any need for participation by individual Class Members. Each Class members claims present no issues of causation or reliance unique to individual class members.

63. Superiority: A class action is superior to all other methods for the fair and efficient adjudication of this controversy. This action presents textbook facts and circumstances for the conduct of a class action to afford each individual Class Member a fair and efficient manner by which to prosecute his or her common claims and, likewise, a fair and efficient manner by which Defendants may defend such claims.

64. Individual prosecution of this matter in separate actions is not desirable as each Class Member's damages likely is in the hundreds of dollars and they will need to incur nearly the same investment to prosecute their individual case as plaintiff in this case will incur to prosecute this case. The interests of individual Class Members are overwhelmingly best served by the conduct of a class action.

65. Individual litigation of this matter would unduly increase expenses to all parties and prolong efficient adjudication given the expected size of the class.

66. Upon information and belief, there is no other litigation concerning this controversy that has already been commenced by or against members of the class.

67. Class membership is readably identifiable from Defendants' records that they maintain such as name, social security number, last known address and other identifying data.

WHEREFORE, plaintiff requests that the Court certify each class and enter judgment in his favor and the class's favor and against Woodward and Borland for:

(1) Statutory damages per the FDCPA;

(2) Actual damages, treble damages and punitive damages per the FBPA;

(3) Injunctive relief per the FBPA

(4) The amount of the security deposit withheld, trebled;

(5) Litigation expenses, attorney's fees and costs of suit per the FDCPA, FBPA

and Georgia's security deposit statute;

(6) Such other or further relief as the Court deems proper.

JURY TRIAL DEMAND

Plaintiff demands a jury on all issues so triable.

DATED this 8th day of April 2019.

Respectfully submitted,
By: s/ Shimshon Wexler
GA Bar No. 436163
The Law Offices of Shimshon Wexler, PC
2244 Henderson Mill Rd., Suite 108
Atlanta, GA 30345
(212) 760-2400
(917) 512-6132 (FAX)
swexleresq@gmail.com

# **EXHIBIT A**

SHERIFF'S ENTRY OF SERVICE

Civil Action No. 2019-791CC

Date Filed 2/19/19

Attorney's Address

Law Office of Brett M. Borland, P.C.
~~2440 Sandy Plains Rd Bldg 1 Ste 200~~
Marietta, GA 30066

Name and Address of Party to Served

Cynthia Bing
253 Misty Ridge trail
Stockbridge, GA 30281

Superior Court ☐     Magistrate Court ☐
State Court   ☐     Probate Court    ☐
Juvenile Court ☐

Georgia, Henry COUNTY

Woodward MGMT Partners LLC
AS Agent for owner DBA Arbor
Terrace Apts                    Plaintiff

VS.

Cynthia Bing

_____ Defendant

_____
_____

_____ Garnishee

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL**
I have this day served the defendant _Cynthia Bing_ personally with a copy
of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

☐ Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant _____ a corporation

☐ by leaving a copy of the within action and summons with _____
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
☐ envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
☐ not to be found in the jurisdiction of this Court.

This 20 day of FeB, 20 19

DEPUTY                                    Yang791

                    **PLAINTIFF'S COPY**

IN THE MAGISTRATE COURT OF HENRY COUNTY, STATE OF GEORGIA

Date Filed: _____

Case No. 2019-791CC

WOODWARD MGMT PARTNERS, LLC
AS AGENT FOR OWNER DBA ARBOR
TERRACE APARTMENTS
c/o Law Office Of Brett M. Borland, P.C.                    **STATEMENT OF CLAIM**
2550 Sandy Plains Rd. Suite 225-322
Marietta GA 30066
**(844) 891-7881 (Settlements)**
(678) 322- 4367 -Office
Plaintiff

FILED IN OFFICE
MAGISTRATE COURT
HENRY COUNTY GA

FEB 19 2019

APRIL BLACKBURN, CLERK          FOR
MAGISTRATE COURT, HENRY COUNTY, GA

VS
**CYNTHIA BING**
253 MISTY RIDGE TRL
Stockbridge GA 30281
**SANDRA RICE**
295 Creek Side Trail
Rockmart, GA 30153
Defendant(s)

                  [X] Suit on Note    [X] Suit on Account    | | Other_____

1.  The Court has jurisdiction over the defendant(s)  [X] the Defendant(s) is a resident of HENRY County;  | | Other (please specify)

2.  Plaintiff(s) claims the Defendant(s) is/are indebted to the Plaintiff as follows:
    The Defendant(s) owe/owes the Plaintiff monetary damages as stated below arising from an agreement. Attached hereto as Exhibit "A" is a true and correct copy
    of Plaintiff's business records that support its claim.  The agreement contains a provision for reasonable attorneys' fees, which Plaintiff intends to enforce
    Pursuant to OCGA 13-1-11. Defendant(s) has/have ten (10) days from receipt of this notice within which to pay the principal & interest, without incurring any
    liability for attorneys' fees.

3.  That said claim is in the amount of:$4,657.27 principal, plus prejudgment interest of $.00 to date pursuant to §OCGA 7-4-2 and §OCGA 13-6-13, court costs of
    $153.50 to date, $490.73 attorneys fees pursuant to OCGA §13-1-11 and all future costs of this suit.

4.  Pursuant to §OCGA § 24-9-902(11), Plaintiff hereby notifies all parties of its intent to use the documents attached to the complaint as self-authenticating atrial.
    Plaintiff has provided all relevant records for review by Defendant in anticipation of using the attached documents in lieu of a live witness at trial.

State of Georgia, HENRY County:

Brett M. Borland                                                                    being duly sworn on oath, says the foregoing is a just and true statement of
the amount owing by defendant(s) and that same is exclusive of all set-offs and just grounds of defense.

Sworn and subscribed before me this
____ day of _____, ____

_____
Notary Public/Attesting Officer

Brett M. Borland, Esq.  GA Bar No. 150327
2550 Sandy Plains Rd. Suite 225-322, Marietta GA 30066
ATTORNEY FOR PLAINTIFF

Office No.: (678)322-4367 - Office
        **(844) 891-7881 (Settlements)**

## NOTICE AND SUMMONS

**TO: All Defendant(s)**

You are hereby notified that the above named Plaintiff(s) has/have made a claim and is requesting judgment against you in the sum shown by the foregoing statement. **YOU ARE REQUIRED TO FILE or PRESENT AN ANSWER (answer forms can be obtained from the above listed web-site or clerk's office) TO THIS CLAIM WITHIN 30 DAYS AFTER SERVICE OF THIS CLAIM UPON YOU. IF YOU DO NOT ANSWER,** *JUDGMENT BY DEFAULT* **WILL BE ENTERED AGAINST YOU. YOUR ANSWER MAY BE FILED IN WRITING OR MAY BE GIVEN ORALLY TO THE JUDGE OR CLERK.** If you choose to file your answer orally, it MUST BE IN OPEN COURT IN PERSON and within the 30 day period. **NO TELEPHONE ANSWERS ARE PERMITTED.** The court will hold a hearing on this claim at the HENRY County Magistrate Court, at a time to be scheduled after your answer is filed. You may come to court with or without an attorney. If you have witnesses, books, receipts, or other writings bearing on this claim, you should bring them to court at the time of your hearing. If you want witnesses or documents subpoenaed, see a staff person in the Clerk's office for assistance. If you have a claim against the Plaintiff, you should notify the court by immediately filing a written answer and counterclaim. If you admit to the Plaintiff's claim but need additional time to pay, you must come to the hearing in person and tell the court your financial circumstances. Your answer must be RECEIVED by the clerk within 30 days of the date of service. If you are uncertain whether your answer will timely arrive by mail, file your answer in person at the clerk's office during normal business hours.

Filed this 14 day of _Feb_ 20 19

NCS10631

_____
Magistrate or Deputy Clerk of Court

# EXHIBIT "A"

**From:**  Arbor Terrace Apts
1 Rocky Ridge Blvd
Douglasville, GA 30134

**To:**  Cynthia Bing, Sandra Rice
1318 Rocky Ridge Blvd
PLEASE FORWARD
Douglasville, GA 30134

**Statement of Security Deposit Accounts**

Oct 29, 2013

Account: 01-1318

**Residents:**

Cynthia Bing
Sandra Rice

**Monthly Charges:**

|  | Rent |
|---|---|
|  | 935.00 |
|  | Water and Sewer |
|  | 70.00 |
|  | Trash Reimb |
|  | 5.00 |

**Agreement:**

| Lease begins | 10/15/12 |
|---|---|
| Lease ends | 11/14/13 |
| Move-in | 10/15/12 |
| Notice | 09/14/13 |
| Move-out | 10/28/13 |

| On Hand: | | 0.00 |
|---|---|---|
|  | | 0.00 |

| Balances Due: | Garage | 240.00 |
|---|---|---|
|  | Rent | 844.52 |
|  | Trash Reimb | 4.52 |
|  | Water and Sewer | 63.23 |
|  | Late Charge | 100.00 |
|  | Legal Fees | 200.00 |
|  | Improper Notice Fee | 1,870.00 |
|  |  | 3,322.27 |

| New Charges: | Termination Fee-failed to fulfill lease | 935.00 |
|---|---|---|
|  | Damages-torn flooring living room | 150.00 |
|  | Cleaning-trash out sofa/iron board | 250.00 |
|  |  | 1,335.00 |

**Summary:**

| | Total Deposits | 0.00 |
|---|---|---|
| | Total Prepaid | 0.00 |
| | Applied to Due | 0.00 |
| | Applied to Other | 0.00 |
| | Refunded | 0.00 |
| | Due Property | 4,657.27 |

Please be advised your account has been turned over for **immediate** collections to National Credit Systems. It is imperative that you contact them immediately. Management has made several attempts to contact you and you have failed to respond.

Thank you.

## MOVE – OUT COST SCHEDULE:

## CLEANING & REPAIR CHARGES

If prior to moving out you do not clean the items listed below as well as leave them in satisfactory working order, the following charges may be deducted from your security deposit. If your security deposit amount is insufficient to cover the charges you will be billed. You will be charged the listed amount for each instance in which an item must be cleaned or repaired. The prices given for the items listed below are average prices only. If the owner incurs a higher cost for cleaning or repairing an item, you will be responsible for paying the higher cost. Please note that this is not an all-inclusive list; you can be charged for cleaning or repairing items that are not listed.

| | | | |
|---|---|---|---|
| Oven | $30.00 | Carpet/Stain removal | $50.00 |
| Stove | $30.00 | Carpet Repair | $35.00 |
| Microwave/vent hood | $10.00 | Trash Removal | $50.00 |
| Refrigerator | $35.00 | Wallpaper Removal | $150.00 |
| Dishwasher | $10.00 | Holes in Wall | $50.00 |
| Cabinets/Countertops | $30.00 | Vinyl Flooring | $20.00 |
| Sink | $5.00 each | Toilet | $10.00 each |
| Tub/Shower | $25.00 | | |

## REPLACEMENT CHARGES

If any items are missing or damaged to the point that they must be replaced when you move out, you will be charged for the current cost of the item, plus labor and service charges. The prices given for listed items are average prices only. If the owner incurs a higher cost for replacing an item, you will be responsible for paying the higher cost. Please note that this is not an all-inclusive list; you can be charged for the replacement of items that are not on the list.

| | | | |
|---|---|---|---|
| Mailbox Keys | $25.00 | Sink | $50.00 |
| Door Keys | $25.00 | Blinds | $20.00 each |
| Fire Extinguisher | $40.00 | Wallpaper | $100.00 |
| Disposal | $65.00 | Carpet | $900.00 |
| Mirrors | $85.00 | Vinyl | $200.00 |
| Refrigerator | $600.00 | Countertop | $250.00 |
| Stove | $500.00 | Door | $100.00 |
| Vent Hood | $50.00 | | |

Management/Date    10/12/12

Resident/Date    10-11-12

Resident/Date    10-11-12

SSI440
ArborTer
Select: 10/29/2013
300 Units

**Resident History Report (From 1/1/1970 Thru 12/31/2099)**
**East Inwood Rocky Ridge LLC**
**Arbor Terrace Apartments**
**October 29, 2013**

Page: 1 of 1
10/2013
10/29/13
11:40

| Tran.Date | Record Date | Due Date | SC Desc. | Invoice | Code | Billings | Adjust. | Non-Res. Adjust. | Payments Rec. | Recher. | Refunds | Forfeits To | Write-Offs | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **0738** | | | | | | | | | | | | | | |
| 01-0738 | | | Price, Maurice | | | | | | | | | | | |
| Status: | | | Current | | | | | | | | | | | |
| Beginning Balance: | | | 0.00 | | | | | | | | | | | |
| 10/07/13 | 10/07/13 | | PA $99 appdmin | S000023801 | App | 99.00 | | | | | | | | 99.00 |
| 10/07/13 | 10/07/13 | | PA $99 appdmin | S000023801 | App | | | | (99.00) | | | | | 0.00 |
| 10/1/13 | 10/1/13 | | PA $150 hold | S000023857 | Rent | | | | (150.00) | 3099 | | | | (150.00) |
| 10/16/13 | 10/16/13 | | PA Mlin $200 Conc. | S000023857 | Rent | | | | (339.63) | 3100 | | | | (189.63) |
| 10/16/13 | 10/16/13 | | PA Mlin $200 Conc. | S000023857 | Rent | | (200.00) | | | 1952 | | | | (389.63) |
| 10/16/13 | 10/16/13 | | PA Mlin $200 Conc. | S000023857 | Trsh | | | | ($5.16) | | | | | (394.79) |
| 10/16/13 | 10/16/13 | | PA Mlin $200 Conc. | S000023857 | WS | | | | ($20.65) | | | | | (415.44) |
| 10/16/13 | 10/15/13 | | PA Security Deposit | S000023858 | Sec | 735.00 | | | | 1952 | | | | 339.56 |
| 10/16/13 | 10/15/13 | | PA Security Deposit | S000023858 | Sec | | | | ($735.80) | 1953 | | | | (415.44) |
| 10/16/13 | 10/16/13 | | BA Move In Prorate | S000023857 | Rent | 389.68 | | | | | | | | (25.76) |
| 10/16/13 | 10/16/13 | | BA Move In Prorate | S000023857 | WS | 20.65 | | | | | | | | (5.11) |
| 10/16/13 | 10/16/13 | | BA Move In Prorate | S000023857 | Trsh | 5.16 | | | | | | | | 0.05 |
| **Resident Total** | | | Security On Hand | 755.00 | | 1,269.49 | (200.00) | 0.00 | (1,069.44) | | 0.00 | 0.00 | 0.00 | 0.05 |
| | | | Pet On Hand | 0.00 | | | | 0.00 RETURNS | | | | | | |
| **Property Totals** | | | Security On Hand | 755.00 | | 1,269.49 | (200.00) | 0.00 | (1,069.44) | | 0.00 | 0.00 | 0.00 | 0.05 |
| | | | Pet On Hand | 0.00 | | | | 0.00 RETURNS | | | | | | |
| **Grand Totals** | | | Security On Hand | 755.00 | | 1,269.49 | (200.00) | 0.00 | (1,069.44) | | 0.00 | 0.00 | 0.00 | 0.05 |
| | | | Pet On Hand | 0.00 | | | | 0.00 RETURNS | | | | | | |

Current Residents , Previous Residents , Subsidy and Non-Subsidy transactions



# ARBOR TERRACE

### APARTMENT HOMES

# RENTAL AGREEMENT

THIS AGREEMENT MADE **9/26/2012** is between WOODWARD MANAGEMENT PARTNERS, LLC as agent for the owner of Arbor Terrace Apartments (Management) and <u>Cynthia Bing & Sandra Rice</u> (Residents) & _(Occupants).

MANAGEMENT RENTS TO RESIDENT (S) AND RESIDENTS (S) RENTS FROM MANAGEMENT Apartment No. **1318** located at **1318 Rocky Ridge Boulevard, Douglasville, Georgia 30134** under the following conditions:

1. **TERM:** The initial term of this agreement shall begin on **10/15/2012** and end on **11/14/2013** at 12:00 noon.

2. **RENT:** Rent is payable monthly, in advance, on the first day of each calendar month in the office of MANAGEMENT. Only one check from the Lessee per apartment will be accepted.

   | | |
   |---|---|
   | Rent | $ 935.00 |
   | Trash | $ 5.00 |
   | Water | $ 70.00 |
   | Total Monthly | $ 1010.00 |

3. **LATE CHARGES RETURNED CHECKS:** Time is of the essence of this Agreement and a late charge shall be due for rent paid after the 3rd day of the month. RESIDENT (S) agrees to pay a late fee of $100.00 on the fourth day of the month. In the event any check given by Resident(s) to Management is returned by the bank unpaid, RESIDENT (S) shall pay to MANAGEMENT, as additional rent, a handling charge or NSF fee of $50.00 in addition to the aforementioned late charge. This charge will be waived if the bank verifies, in writing, the check was returned due to their error. RESIDENT (S) understands that the privilege of paying by check will be revoked if one or more checks are returned to MANAGEMENT within a twelve (12) month period. Thereafter, payment shall be made by Cashier's Check or Money Order. Personal checks will not be accepted after the 3rd of the month. All payments made after the 3rd shall be made by Cashier's Check or Money Order.

4. **RENEWAL:** Either party may terminate this Rental Agreement at the end of the initial term by giving the other party sixty (60) days written notice prior to the end of the initial term. If no such notice is given by either party, then this Rental Agreement shall be automatically extended as a month to month rental agreement at an additional fee of $100.00 per month over market rate until terminated by either party upon thirty (30) days written notice. The written notice must provide a specific move out date and Resident is responsible according to terms of Rental Agreement through that date. MANAGEMENT may increase the monthly rental rate for any extended term by giving RESIDENT (S) notice thereof at least thirty (30) days before the date on which such monthly increase shall take effect.

5. **EARLY TERMINATION:** RESIDENT (S) may terminate this Rental Agreement before the expiration for the initial term by:
   A.) Giving MANAGEMENT sixty (60) days written notice, plus:
   B.) Paying all monies due through the date of termination, plus:
   C.) Paying a cancellation fee equal to the amount of one month's rent shown in the Rental Agreement.
   D.) Forfeit security deposit.
   E.) Resident will receive a monthly concession of __N/A__. If Resident is late paying rent, concession terminates immediately and must be paid back in full. If resident terminates, concession must be paid back in full.

   Resident(s)

# **EXHIBIT B**

**IN THE MAGISTRATE COURT HENRY COUNTY**
STATE OF GEORGIA
ONE JUDICIAL CENTER  STE 260
44 JOHN FRANK WARD BLVD.
MCDONOUGH, GA. 30253

WOODWARD MGMT PARTNERS, LLC AS AGENT FOR
OWNER DBA ARBOR TERRACE APARTMENTS
    PLAINTIFF

)
)
)
)

VS.

)
)
)

CIVIL ACTION NO.**2019-791CC**

BING CYNTHIA,
RICE SANDRA
    DEFENDANT

)
)

FILED IN OFFICE
MAGISTRATE COURT
HENRY COUNTY, GA
**APR 03 2019**
APR C BLACKBURN CLERK — FOR
MAGISTRATE COURT HENRY COUNTY, GA

### Civil Judgment and Order

[ ] JUDGMENT        [ ] DEFAULT JUDGMENT        [✓] DISMISSAL

The above case having come on regularly to be before the court, the Court makes the following findings: (check only if applicable)

[ ] Defensive pleadings filed by the Defendant(s)
[ ] Counterclaim filed by Defendant(s)
[✓] Appearance by Plaintiff(s) [✓] No appearance by Plaintiff(s)
[✓] Appearance by Defendant(s) [ ] No appearance by Defendant(s)
[ ] Stipulated settlement and dismissal

[ ] Voluntary dismissal without prejudice - Statement of Claim
[ ] Voluntary dismissal without prejudice - Counterclaim
[ ] Consent agreement
[ ] Contested hearing held

It Is ORDERED AND ADJUDGED that:

**On Plaintiff(s) statement of claim:**
[✓] Dismissed for want of prosecution, without prejudice
[ ] Judgment is entered in favor of [ ] Plaintiff(s)  [ ] Defendant(s),
against Defendant(s) _____ _____ for the sum of $ _____ Principal, $ _____ Interest, $
_____ Attorney's Fees, $ _____ _____ Court Costs and future interest at the rate equal to prime rate as published on the day of this Judgment plus 3 percent per annum.

**On Defendant(s) Counterclaim:**    [ ] Dismissed for want of prosecution, without prejudice.
[ ] Judgment is entered in favor of [ ] Defendant(s),  [ ] Plaintiff(s)
against Plaintiff(s) for the sum of $ _____ Principal, $ _____ Interest, $ _____ Attorney's Fees, $ _____ Court Costs and future interest at the rate equal to prime rate as published on the day of this Judgment plus 3 percent per annum.

[ ] Said Judgment shall by [ ] the consent of both parties, [ ] Order of the Court, **be paid to** [ ] Plaintiff(s) [ ] Defendant(s) *as follows:*
[ ] periodic payments in the sum of $ _____ commencing _____ payable:

[ ] weekly, on  [ ] Sun    [ ] Mon    [ ] Tue    [ ] Wed    [ ] Thur    [ ] Fri    [ ] Sat
[ ] monthly, on the _____ of each month beginning
[ ] in full on or before _____
[ ] as follows: _____

_____
    At the following address: _____

No FIFA will issue and no garnishment or other action may be taken on the consent judgment as long as payments are timely paid, as agreed. Should the judgment debtor(s) fail to make a payment or should be made more than 5 days beyond the due date, the Clerk of Magistrate Court shall issue a FIFA in the amount then outstanding upon affidavit from the prevailing party that payments have not been made as agreed and upon payment of the applicable FIFA fee.
***Duties of judgment creditor.*** Upon payment of the entire debt upon which a judgment or FIFA has been issued, the judgment creditor shall timely (within 60 days) direct the clerk(s) of the appropriate court(s) in writing to (1) cancel the Writ of FIFA if a FIFA has been issued, (2) mark the judgment satisfied. Failure to timely comply may subject the judgment creditor to monetary damages. O.C.G.A. 9/13-80.

SO ORDERED THIS 3 day of _____, 20 19

Consented to:

_____ Plaintiff

_____ Defendant

_____ Judge, Magistrate Court of Henry County