IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CYNTHIA BING,<br><br>    Plaintiff,<br><br>v.<br><br>LAW OFFICE OF BRETT M.<br>BORLAND, P.C. and WOODWARD<br>MANAGEMENT PARTNERS, LLC,<br><br>    Defendants. | CIVIL ACTION FILE NO.<br>1:19-cv-01562-SCJ-LTW |

## <u>SCHEDULING ORDER AND GUIDELINES FOR DISCOVERY AND SUMMARY JUDGMENT PRACTICE</u>

Upon review of the information in the Joint Preliminary Report and Discovery Plan filed by the parties, the Magistrate Judge **ORDERS** that the deadlines for adding parties, amending pleadings, and filing motions are as stated in the Federal Rules of Civil Procedure and District Court Local Rules unless otherwise specified herein. The deadline for completing discovery is **December 30, 2019**, and this case, which was filed on **April 8, 2019**, will be set for trial after any and all dispositive motions have been ruled on. In their Joint Preliminary Report and Discovery Plan, the parties ask the Court to waive initial disclosures. The Court therefore **ORDERS** that initial disclosures are waived in this case.

## I.    <u>GUIDELINES FOR DISCOVERY PRACTICE</u>[1]

These guidelines are furnished for the convenience of the parties, counsel, and the Court to promote the just, speedy, and economical disposition of cases.

### A.    <u>General Matters</u>

Attorneys and *pro se* litigants appearing before this Court in civil litigation must observe three sets of rules:

> The Federal Rules of Civil Procedure
> The District Court Local Rules and Instructions Regarding Pretrial Proceedings
> The rules and practices of the Magistrate Judge assigned to your case

### B.    <u>Discovery Practice</u>

1.    **General Principals of Discovery**.  Counsel and *pro se* litigants should be guided by courtesy, candor, and common sense, and conform to the Federal Rules of Civil Procedure, the Local Rules, and applicable orders in conducting discovery.   In particular, counsel and *pro se* litigants should have in mind the restrictions on the scope of discovery stated in Rule 26(b) and the good faith obligations implicit in Rule 26(g). Direct and informal communication between counsel is encouraged to facilitate discovery and resolve disputes.  In this regard, the Court refers counsel and parties to

---

[1] The following information provides the rules and practices which counsel and parties should adhere to in conducting discovery.  Additional questions regarding the rules and practices before this Court can be obtained by contacting the magistrate judge's courtroom deputy or law clerk.

the guidance offered by the district court for the Central District of California in

O'Connor v. Boeing North American, Inc., 185 F.R.D. 272 (C.D. Cal. 1999):

> The Court would like to take this opportunity to address the parties and their counsel, to stress that "[t]he discovery system depends absolutely on good faith and common sense from counsel. The courts, sorely pressed by demands to try cases promptly and rule thoughtfully on potential dispositive motions, simply do not have the resources to police closely the operation of the discovery process. The whole system of [c]ivil adjudication would be ground to a virtual halt if the courts were forced to intervene in even a modest percentage of discovery transactions. That fact should impose on counsel an acute sense of responsibility about how they handle discovery matters. They should strive to be cooperative, practical and sensible, and should turn to the courts (or take positions that force others to turn to the courts) only in extraordinary situations that implicate truly significant interests."

Id. at 284.

2.   **Timeliness**. The time limits specified in the rules and applicable orders must be observed. If additional time is required, a continuance must be sought in advance and granted by order of the Court. (See § 4 below).

3.   **Discovery Cut-Off**. Discovery cut-off dates are the last date for filing discovery responses and supplements, unless otherwise specified by court order. To be timely, therefore, discovery requests must be served sufficiently in advance (usually at least thirty (30) days before) of the discovery cut-off date. See LR 26.2A, N.D. Ga.

4.   **Extensions of Discovery Period**. Requests to extend the discovery period or deadlines within the discovery period must be made in accordance with LR 26.2B,

N.D. Ga.   All requests for extension of time must state: (1) the original (and if applicable, current) date from which the extension if being sought; (2) the number of previous requests for extensions, if any; (3) whether these previous requests were granted or denied; and (4) whether the adversary consents, and if not, the reasons given by the adversary for refusing to consent.   NOTE: An agreed upon or consent motion to extend the discovery period or discovery deadlines should be clearly designated as a CONSENT motion, and a proposed consent order should be filed along with the consent motion.

5.     **Supplementing Discovery Responses**.   Federal Rule of Civil Procedure 26(e) requires that initial disclosures and discovery responses, including expert reports and depositions, be supplemented or corrected if the information is incorrect or incomplete. The Court strongly encourages counsel and *pro se* litigants to ensure that, prior to close of discovery, all prospective witnesses are identified in the initial or supplemental disclosures.   Failure to comply with the duty to supplement may result in exclusion of evidence or witnesses in consideration of dispositive motions and at trial.

6.     **Motions to Compel or for Protective Orders**.

        a.     Pre-Motion Conference.   Counsel or *pro se* litigants are required to confer, by telephone or in person, in good faith before bringing a discovery dispute to the Court.   See Fed. R. Civ. P. 26(c) and 37; LR 37.1A, N.D. Ga.   The duty to confer is

4

NOT satisfied by sending a written document, such as a letter, email, or fax, to the adversary, UNLESS repeated attempts to confer by telephone or in person are met without success due to the conduct of the adversary. If counsel or *pro se* litigants are unable to informally resolve the discovery dispute, they should arrange a telephone conference with the Court through the Court's law clerk or courtroom deputy.[2] If the differences cannot be resolved during the conference with the Court, the Court will direct further proceedings. Motions to compel or for a protective order should ordinarily not be filed without a prior conference with the Court.

     b.    Memoranda. In the event that memoranda are submitted, they should comply with LR 37.1, N.D. Ga., be brief, focus on the facts of the particular dispute, and avoid discussion of general discovery principles. The Court cautions against the inclusion of (and will disregard) any generalized recitation of "historical" discovery disputes between the parties or any "finger pointing" or disparaging remarks directed at opposing counsel or the opposing party.

---

[2] Counsel and *pro se* litigants should be aware that there may be some delay in setting up the telephone conference due to the necessity of scheduling the presence of a court reporter. Also, if the issue upon which the dispute rests is complex, the Court may request that prior to the conference the parties jointly submit a short (two (2) double-spaced pages or fewer) letter providing an overview of the contested issue(s).

c.      Sanctions.    If sanctions are sought, include a declaration and the appropriate documentation to support the amount requested.

d.      Consent Protective/Confidentiality Orders.  In lieu of filing with the clerk, the original and a duplicate of such consent orders may be submitted to the Court in chambers.  NOTE: The Court will not sign a protective or confidentiality order that permits the parties to automatically file pleadings or materials under seal with the clerk. Any sealed pleadings or materials must be accompanied by a specific court order providing for the sealed filing of the specific pleading or materials.

7.      **Reference to Guidelines**.  The Court will be guided by these guidelines in resolving discovery disputes and imposing sanctions.

## II.     GUIDELINES FOR SUMMARY JUDGMENT PRACTICE AND PRETRIAL ORDER

A.      Any motions for summary judgment must be filed by **January 29, 2020**, and if no motions for summary judgment are filed, the Proposed Consolidated Pretrial Order will be due on **February 28, 2020**.

B.      Pursuant to Local Rule 56.1B, the party moving for summary judgment must attach to the motion a statement of material facts to which the movant contends there is no genuine issue to be tried.  Each fact must be numbered, and there should be only one sentence per number.  A citation to the record must follow each numbered fact. Statements in the form of issues, questions, or legal conclusions (rather than material

6

facts) will not be considered by the Court. The statement of material facts to which the movant contends there is no genuine issue to be tried shall not exceed fifteen (15) pages.

The non-moving party shall file a response to the moving party's statement of material facts to which the movant contends there is no genuine issue to be tried. In the response, the non-moving party shall respond to each numbered fact by number, admit or deny the fact, and provide citations to the record to support any detail as well as explain the reason for the denial of the fact. The Court will deem as admitted those facts in the moving party's statement that the non-moving party does not controvert with citations to the record in its response. See L.R. 56.1(B)(2), N.D. Ga. The non-movant's statement of additional material facts which the non-movant contends are material and present a genuine issue for trial shall not exceed fifteen (15) pages.

C.    A full copy of any deposition referenced by either party in support of, or in opposition to, a motion for summary judgment shall be electronically filed with the Court. The Court requests that complete depositions, including the exhibits introduced during the deposition, rather than excerpts of depositions, be filed with the Court so that the context of the testimony can be considered.

D.    Absent **prior** written permission from the Court, no party may file a brief in support of a motion or a response to a motion exceeding twenty-five (25) double-

spaced pages in length, and no party may file a reply brief exceeding fifteen (15) double-spaced pages.  A motion requesting an increase in the page length for a brief must be filed, along with a proposed order, prior to the due date for the brief.  The text of a brief, including footnotes, may not be printed in a format producing more than ten (10) characters per inch.  See L.R. 7.16(D), N.D. Ga.

E.      Absent **prior** written permission from the Court, no party may file a sur-reply brief in support of a motion or a response to a motion.  A party seeking permission of the Court to file a sur-reply must file a motion for a sur-reply, a proposed order, and the proposed sur-reply.

F.      Because "[i]t should be the party's responsibility to direct the Court's attention separately to each portion of the record which supports each of the party's distinct arguments," every factual statement made in the parties' briefs should be followed by a citation to the record.  Dickson v. Amoco Performance Prods., Inc., 845 F. Supp. 1565, 1570 (N.D. Ga. 1994).  These citations should include specific page or paragraph numbers, where appropriate.  Citations should not be made to the parties' statement of material facts or response thereto.

G.      "All documents and other record materials relied upon by a party moving for or opposing a motion for summary judgment shall be clearly identified for the court."

8

L.R. 56.1B(3). If exhibits and/or affidavits are manually filed in support of the motion or response, they should be clearly tabbed.

H.      If a motion for summary judgment is filed, the Consolidated Pretrial Order will be due thirty (30) days after the District Court's final ruling on the motion for summary judgment, if there are matters left to be tried.

I.      At the request of the parties expressed in their Joint Preliminary Report and Discovery Plan, a response to a motion for summary judgment will be due thirty (30) days after the motion is file, and a reply to will be due twenty-one (21) days after the response is filed.

## III.    <u>CLASS CERTIFICATION</u>

In their Joint Preliminary Report and Discovery Plan, the parties jointly requested that the deadline for Plaintiff to move for class certification be extended to 120 days after the entry of this Scheduling Order. Therefore, Plaintiff's deadline to move for class certification will be 120 days after this Scheduling Order is entered on the docket. Also at the request of the parties, Defendant will have thirty (30) days to respond to any motion for class certification, and Plaintiff will have twenty-one (21) days to reply to Defendant's response.

## IV. <u>CONCLUSION</u>

9

**IT IS ORDERED** that the parties are directed to adhere to the above deadlines. Any motions requesting extensions of time must be made prior to the existing deadline and will be granted **only** in cases where the circumstances on which the request is based did not exist or the attorney(s) could not have anticipated such circumstances.  Failure to comply with this order may result in the imposition of sanctions, including the dismissal of this action.

The Clerk is directed to submit this action by **March 4, 2020** if the parties have not filed a Motion for Summary Judgment or Proposed Consolidated Pretrial Order.

**SO ORDERED** this ____ day of June, 2019.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

10