UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
--------------------------------------------------------X
CYNTHIA BING, individually and on behalf
of a class                                      Case No. 1:19-cv-01562-SCJ-LTW
                    Plaintiff,

                                                                  SECOND AMENDED
                                                                 COMPLAINT
                                                                  CLASS ACTION
                                                                  JURY TRIAL DEMANDED

LAW OFFICE OF BRETT M BORLAND, P.C.;
WOODWARD MANAGEMENT PARTNERS, LLC
                    Defendants.
--------------------------------------------------------X

Plaintiff files this Second Amended Complaint with the written consent of the Defendants under FRCP 15(a)(2).

## INTRODUCTION AND BACKGROUND FACTUAL INFORMATION

1. Plaintiff, Cynthia Bing, brings this class action lawsuit against Law Office of Brett M Borland, P.C. ("Borland") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and against Woodward Management Partners, LLC ("Woodward") for violations of the Fair Business Practices Act ("FBPA") and Georgia's security deposit statute ("44-7-35").

2. Plaintiff was sued in Henry County Magistrate Court in early 2019 by Borland as attorney for Woodward for $4,657.27 arising out of a tenancy in Douglasville

that lasted until the end of 2013. <u>A copy of the lawsuit can be found attached to the Complaint at Doc. 1, Page 17-24 of 26.</u>

3. As a result of that lawsuit, Plaintiff needed to hire a lawyer.

4. A trial on that case was set for April 3, 2019.

5. On April 3, 2019, Borland and Woodward failed to appear for the trial, failed to notify counsel for Plaintiff, and failed to notify the Judge that it was not appearing.

6. Thus Defendants wasted party and court resources.

7. The Judge in Henry County dismissed the case. <u>See Complaint at Doc 1, Page 26.</u>

8. Plaintiff disputes the entire balance because she does not believe she owes it.

9. The claim was filed over 5 years after Plaintiff left that apartment.

9. Plaintiff's dispute includes but is not limited to that the balance includes $200 of legal fees and an improper notice fee of $1,870.

10. Defendants have failed to make any showing that they should or would be entitled to these amounts let alone a proper showing.

11. Borland requested attorney's fees pursuant to OCGA § 13-1-11 in the amount of $490.73.

12. OCGA § 13-1-11(2) provides that if attorney's fees are mandated by the lease in no specific amount, it shall mean 15 percent of the first $500.00 and 10 percent of the amount of principal and interest owing thereon in excess of $500.00.

13. Borland, however, asked for attorney's fees even though they are not permitted in the lease.

14. In addition, Borland's attorney fee request is based on charges stemming from legal fees and an improper notice fee which do not qualify as principal or interest on the lease.

15. The plaintiff in the Henry County case is "Woodward Mgmt Partners, LLC as agent for owner dba Arbor Terrace Apartments".

16. Because "owner dba Arbor Terrace Apartment" is a nonexistent principal, Woodward is liable for the principal's acts.

17. Woodward failed to provide Plaintiff with a comprehensive list of existing damages to plaintiff's apartment prior to her tenancy.

18. Woodward failed to inspect plaintiff's apartment and compile a comprehensive list of damages within three business days after the termination of plaintiff's tenancy.

19. Woodward failed to obey Georgia law and notify Plaintiff of her right to inspect the premises within five business days after the termination of the occupancy in order to ascertain the accuracy of the list.

20. Woodward nevertheless brought an action against Plaintiff for damages to the premises.

## JURISDICTION AND VENUE

21. This Court has jurisdiction under 15 USC § 1692(k) (FDCPA), federal court jurisdiction and supplemental jurisdiction for the state law claims under 28 USC § 1367.

22. Venue in this District is proper because a substantial part of the events giving rise to this lawsuit occurred within this district and Defendants' headquarters are in this district.

## PARTIES

23. Defendant Borland is a Georgia law firm engaged in consumer debt collection as evidenced by cases with Borland as a party in cases filed in the U.S. District Court for the Northern District of Georgia.

24. Borland is a "debt collector" as defined by the FDCPA.

25. Woodward is a Georgia corporation that manages properties.

26. According to its website on October 25, 2019, http://www.woodwardmgt.com. "Woodward currently manages over 25 properties across metro Atlanta. We have established a proven record of success in the property management field because we choose to employ a talented staff whose vision aligns with that of our company: Exceeding your Expectations. We provide full management services and our comprehensive approach to long term planning, marketing, asset management and cost control is utilized."

27. Plaintiff is a consumer as defined by the FDCPA.

28. Plaintiff resides in Henry County and entered a lease for an apartment in 2012 from Woodward.

## VIOLATIONS ALLEGED

## COUNT I – FDCPA CLAIM AGAINST BORLAND

29. Plaintiff incorporates all of the above paragraphs as though fully stated herein.

30. § 1692d provides 6 specific prohibited categories of unlawful conduct preceded by a statement that "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

31. § 1692e provides 16 specific prohibited categories of unlawful conduct preceded by a statement that "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. § 1692f provides 8 specific prohibited categories of unlawful conduct preceded by a statement that "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

33. Borland violated § 1692e(2)(A) by falsely representing the character, amount and legal status of the debt.

34. Borland violated § 1692e(3) because the notice of claim appeared to be from an attorney but was really the product of a lack of meaningful attorney review.

35. Borland violated § 1692e(5) by taking legal action against plaintiff that it was prohibited from taking.

36. Borland violated § 1692f(1) by attempting to collect charges and fees which are not expressly authorized by the lease.

    WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against Borland for:

(1) Appropriate statutory damages;

(2) Litigation expenses, attorney's fees and costs of suit;

(3) Such other or further relief as the Court deems proper.

## **COUNT II – FBPA CLAIM AGAINST WOODWARD**

37. Plaintiff incorporates all the above paragraphs as though fully stated herein.

38. Woodward engaged in conduct that was consumer orientated.

39. Woodward engaged in unfair and deceptive debt collection.

40. The public consumer interest would be served with this claim against Woodward.

41. Woodward's conduct has an adverse effect on the consumer marketplace and the economy in general.

42. Plaintiff's debt was incurred in a consumer transaction

43. Plaintiff mailed a certified letter as required by the Fair Business Practices Act at least 30 days prior to instituting this lawsuit giving the chance to Woodward to settle Plaintiff's claims and the claims of the class.

44. Plaintiff suffered emotional distress as a result of Woodward's lawsuit.

45. Plaintiff needed to hire a lawyer to defend herself against the lawsuit.

46. Plaintiff's lawyer needed to spend time, gas, and wear and tear on his vehicle driving to the trial only to learn that Woodward was not even going to try to pursue its claims.

47. Plaintiff requests equitable injunctive relief from the Court that: 1) Woodward be required to cease engaging in debt collection practices that violate the FBPA; and 2) Woodward only file claims against Plaintiff based on a contract supporting those claims.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against Woodward for:

(1) Appropriate actual and punitive damages;

(2) Injunctive relief

(3) Litigation expenses, attorney's fees and costs of suit; and

(4) Such other or further relief as the Court deems proper.

**COUNT III – O.C.G.A. § 44-7-35 CLAIM AGAINST WOODWARD**

48. O.C.G.A. § 44-7-33 (2010) provides "Lists of existing defects and of damages during tenancy; right of tenant to inspect and dissent; action to recover security deposit" provides in pertinent part as follows:

(a) Prior to tendering a security deposit, the tenant shall be presented with a comprehensive list of any existing damage to the premises….

(b) Within three business days after the date of the termination of occupancy, the landlord or his agent shall inspect the premises and compile a comprehensive list of any damage done to the premises which is the basis for any charge against the security deposit and the estimated dollar value of such damage. The tenant shall have the right to inspect the premises within five business days after the termination of the occupancy in order to ascertain the accuracy of the list…………….

49. O.C.G.A. § 44-7-35 (2010) provides "Remedies for landlord's noncompliance with article

…

(b) The failure of a landlord to provide each of the written statements within the time periods specified in Code Sections 44-7-33 and 44-7-34 shall work a forfeiture of all his rights to withhold any portion of the security deposit or to bring an action against the tenant for damages to the premises.

50. Woodward failed to provide plaintiff with a copy of the damages list they were required to present to Plaintiff.

51. Woodward failed to provide plaintiff with a copy of the damages list they were required to generate as part of the move-out inspection process under O.C.G.A. §

44-7-33(b) by the three-business day deadline so that plaintiff may conduct a counter-inspection and ascertain the accuracy of the list within five business days.

52. In so doing, Woodward failed to provide one of the written statements "within the time period specified in O.C.G.A. § 44-7-33."  Therefore, pursuant to O.C.G.A. § 44-7-35(b), Woodward lost the right to assert any claim against her for damages to the premises.

53. Notwithstanding the foregoing forfeiture of rights, Woodward nevertheless brought an action against Plaintiff, and, in so doing, violated O.C.G.A. § 44-7-35(b).

## CLASS ALLEGATIONS

54. Plaintiffs bring this action pursuant to FRCP 23(a); and FRCP 23(b)(2) and FRCP 23(b)(3) and on behalf of herself and 3 Classes.

55. The first class is

> All consumers where Borland's records show that Borland filed a statement of claim in the state of Georgia arising from a lease of an apartment for a term of one year or more where Borland requested attorney's fees where Borland did not have access to a lease indicating a requirement to pay attorney's fees or where Borland's percentage attorney's fee request is based upon charges including "Legal

Fees" or a substantially similar charge on or after a date 1 year prior to the original filing of this action.

56. The second class is

All consumers where Woodward's records show that it filed a debt collection arising from a lease of an apartment for a term of one year or more where Woodward's attorney requested attorney's fees where Woodward does not have access to a lease indicating a requirement to pay attorney's fees or where Woodward's percentage attorney's fee request is based upon charges including "Legal Fees" or a substantially similar charge which caused a consumer to suffer actual or compensatory damages or incidental damages on or after a date 2 years prior to the filing of the original action.

57. The third class is

All consumers where Woodward's records show that it acted as an agent for a non-existing principal in executing a lease and it failed to provide an initial damages list prior to the tenancy, or where it failed to provide a final damages list within 3 business days post occupancy, or where it failed to give the opportunity to the tenant to inspect the premises within five business days after the termination of the occupancy and Woodward has a claim against that tenant for damages to the premises on or after a date 20 years prior to the filing of this action.

58. Numerosity: Each class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to allege at this time the exact number of class members; however, Plaintiff believes that there are at a minimum thousands of Class Members. Plaintiff believes that Defendants' records maintained in the ordinary course of business will readily reveal the exact number of class members.

59. Commonality: This action presents material questions of law and fact common to the Classes. Such questions include but are not limited to-

Were Borland and Woodward allowed to include legal fees as part of principal and interest when calculating a percentage of attorney's fees?

Did Borland conduct a meaningful attorney review of accounts prior to filing claims on those accounts?

Could Borland and Woodward ask for attorney's fees based on leases without a copy of the lease showing entitlement to attorney's fees?

Did plaintiff and the class suffer damages?

Did Woodward provide a copy of the various damages list as required by OCGA 44-7-33?

60. Typicality: Plaintiffs' claims are typical of the claims of other members of each Class, as Plaintiff and other members of the Class suffered the same type of harm

arising out of Defendants' failure to comply with the FDCPA, the FBPA and the security deposit statute.

61. Adequate Representation: Plaintiff will fairly and adequately represent and protect the interests of each class member and has retained counsel competent and experienced in complex class actions. Plaintiff is a member of each Class, Plaintiff has no interest antagonistic to any other members of each Class, and Defendants have no defenses unique to Plaintiff.

62. Predominance: The questions of law or fact common to each Class Members predominate over any questions affecting only individual members. Defendants' course of conduct can be discovered without any need for participation by individual Class Members. Similarly, this Court's determination of law can be made without any need for participation by individual Class Members. Each Class members claims present no issues of causation or reliance unique to individual class members.

63. Superiority: A class action is superior to all other methods for the fair and efficient adjudication of this controversy. This action presents textbook facts and circumstances for the conduct of a class action to afford each individual Class Member a fair and efficient manner by which to prosecute his or her common

claims and, likewise, a fair and efficient manner by which Defendants may defend such claims.

64. Individual prosecution of this matter in separate actions is not desirable as each Class Member's damages likely is in the hundreds of dollars and they will need to incur nearly the same investment to prosecute their individual case as plaintiff in this case will incur to prosecute this case. The interests of individual Class Members are overwhelmingly best served by the conduct of a class action.

65. Individual litigation of this matter would unduly increase expenses to all parties and prolong efficient adjudication given the expected size of the class.

66. Upon information and belief, there is no other litigation concerning this controversy that has already been commenced by or against members of the class.

67. Class membership is readably identifiable from Defendants' records that they maintain such as name, social security number, last known address and other identifying data.

WHEREFORE, plaintiff requests that the Court certify each class and enter judgment in his favor and the class's favor and against Woodward and Borland for:

(1) Statutory damages per the FDCPA;

(2) Actual damages, treble damages and punitive damages per the FBPA;

(3) Injunctive relief per the FBPA

(4) The amount of the security deposit withheld, trebled;

(5) Litigation expenses, attorney's fees and costs of suit per the FDCPA, FBPA and Georgia's security deposit statute;

(6) Such other or further relief as the Court deems proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury on all issues so triable.

DATED this 2nd day of July 2019.

>Respectfully submitted,
>By: s/ Shimshon Wexler
>GA Bar No. 436163
>The Law Offices of Shimshon Wexler, PC
>2244 Henderson Mill Rd., Suite 108
>Atlanta, GA 30345
>(212) 760-2400
>(917) 512-6132 (FAX)
>swexleresq@gmail.com